[No. 15625.   Department Two.   February 27, 1920.]

THE STATE OF WASHINGTON, *on the Relation of F. A. Ernst, Plaintiff,* v. C. V. SAVIDGE, *Commissioner of Public Lands, Respondent.*[1]

PUBLIC LANDS (89)—TIDE LANDS—LEASE—RESERVATION OF HIGH-WAY. The commissioner of public lands has no authority to execute a mining and oil lease of tide lands on the Pacific Ocean beach which by Laws 1901, p. 217, are declared to be a public highway and for-ever withdrawn from sale, lease, or other disposition.

Application for a writ of mandamus filed in the supreme court November 5, 1919, to require the commissioner of public lands to execute a lease. Denied.

*Norwood W. Brockett,* for relator.

*The Attorney General* and *John A. Homer, Assistant,* for respondent.

PER CURIAM.—This is an application for a writ of mandamus to require the respondent to execute a lease for the mining and extraction of petroleum and natural gas from certain tide lands belonging to the state of Washington.

It is conceded that the lands applied for have been set apart as a public highway. The act of March 16, 1901 (Laws of 1901, ch. 105, p. 217), declares:

"Section 1. That the shore and beach of the Pacific Ocean including the area or space lying between ordinary high tide and extreme low tide (as such shore and beach now are or hereafter may be) from the southerly point of Damon's Point on the north side of the entrance to Gray's Harbor to the mouth of the Queets river, State of Washington, be and the same are hereby declared a public highway forever, and as such highway shall remain forever open to the use of the public.

[1]Reported in 187 Pac. 1089.

"Sec. 2. No part of said shore or beach shall ever be sold, leased or otherwise disposed of.

"Sec. 3. No lease or contract of sale now existing on or for any part or parts of said shore or beach shall be renewed or extended."

So it is apparent from this act that the lands sought by the relator are prohibited from ever being sold, leased or otherwise disposed of. The applicant is, therefore, not entitled to a lease, because the state land commissioner is not authorized to execute a lease for any of these lands.

The application for the writ is therefore denied.